UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN CARPENTER, et al.,

    Plaintiffs,

v.                    CASE NO. 8:07-CV-995-T-17MAP

SPEEDY CONCRETE CUTTING,
INC., et al.,

    Defendants.

_____/


ORDER

This cause is before the Court on:

| Dkt. 4 | Notice - Consent to Join |
| Dkt. 5 | Consent to Join |
| Dkt. 12 | Motion for Conditional Certification |
| Dkt. 18 | Response |
| Dkt. 20 | Motion for Leave to File Reply |
| Dkt. 21 | Motion in Limine |
| Dkt. 23 | Consent to Join |
| Dkt. 24 | Response |
| Dkt. 42 | Consent to Join |
| Dkt. 43 | Consent to Join |
| Dkt. 48 | Consent to Join |
| Dkt. 50 | Consent to Join |
| Dkt. 57 | Consent to Join |
| Dkt. 58 | Motion for Hearing |

This case is a collective action for unpaid regular and/or overtime wages under the Fair Labor Standards Act.

I. Motion in Limine

Plaintiffs move to exclude affidavits filed by Defendants in opposition to Plaintiffs' Motion for Conditional Certification and move for curative notice to potential class members.

Defendants oppose the Motion.

Plaintiffs argue that the 25 affidavits attached to Defendants' response to the Motion for Conditional Certification should be excluded based on Defendants' violation of Rules 26(a) and 37(c)(1), Fed.R.Civ.P. Plaintiffs request that the Court issue a curative notice to the proposed class members due to Defendants' improper communication, misrepresentations of law and fact, and efforts to convince these current employees that they have no claims in violation of the Fair Labor Standards Act.

Defendants response that Plaintiffs have not complied with Local Rule 3.01(g), and there is no substantive ground to exclude the affidavits. Defendants argue that failure to make timely required disclosures is harmless when the party entitled to the disclosure suffers no prejudice. Defendants argue that, within days of the execution of the affidavits, the affidavits were provided to Plaintiffs, and therefore Plaintiffs were not prejudiced. Defendants further argue that Defendants' communications were proper, and there is no need for a curative instruction. Defendants argue that pre-certification communications to potential class members by both parties are generally permitted, and are constitutionally protected speech. Defendants argue that there has been no showing that Defendants' communications with potential class members were misleading, coercive or improper. Defendants advised affiants that participation was voluntary, and they would not suffer any retaliation for refusing to discuss any of the facts which formed the basis of the affidavits.

The Court notes that Local Rule 4.04, concerning class actions, does not apply to this collective action. In the

Case No. 8:07-CV-995-T-17MAP

absence of a court order limiting communication, Defendants' communications, whatever they may have been, are not improper. The Court cautions the parties that failure to comply with Local Rule 3.01(g) may result in the denial of the parties' motions. After consideration, the Court **denies** the Motion in Limine and the Motion for Curative Instruction.

II. Motion for Conditional Certification

Plaintiffs move for conditional certification of this case as a collective action pursuant to 29 U.S.C. Sec. 216(b) of the Fair Labor Standards Act, of all persons who were employed by Defendants as "Concrete Cutters" or "Operators" or who performed concrete cutting services on Defendants' behalf, at any time since June 11, 2004, and who secured Defendants' trucks and equipment at their homes (the "Proposed Class"), to compel expedited production by Defendants, within ten (10) days of Court order of the identification of all Proposed Class Members, including their last known home address and telephone numbers, and to authorize Plaintiffs' counsel's mailing of a court-approved Notice to All Proposed Class members concerning their right to opt into this collection action by filing a Consent to Join. Plaintiffs allege that there are approximately 150 former and current Concrete Cutters in the Proposed Class.

In their Response in opposition to Plaintiffs' Motion, Defendant contend that Plaintiff cannot establish a foundation for conditional certification of the Proposed Class. Defendants argue that four separate companies exist for the purpose of providing clients with concrete cutting services in separate geographical areas. Each of the corporate entities is run by a

Case No. 8:07-CV-995-T-17MAP

General Manager, except Speed Concrete Cutting of Central Florida, which has a General Manager for its Orlando operation and for its Tampa operation. Defendants argue that policy and procedure within each division differs in material respects.

Defendants argue that Operators are never required to take their trucks home. Defendants allege that employees who take their trucks home are paid from the time they arrive at the work site or the shop, if they are required to report to the shop, until they arrive home in the evening. Employees must report the time of arrival to Dispatch. Employees who pick up their truck at the shop are paid from the time they arrive at the shop, until they arrive back at the shop in the evening. The trucks are serviced, fueled and maintained by the employer.

Defendants further argue that not all Operators are paid at $20/hour on a weekly basis. Operators are paid $15/hour when they complete an apprenticeship program conducted by the employer. The pay of Operators may range from $15/hour to $18/hour. Defendants argue that Speedy Concrete Cutting of Central Florida employed approximately 20 Operators during the relevant time.

Defendants dispute the accuracy of the job duties listed by Plaintiffs, and dispute Plaintiffs' representations regarding inspection of vehicles and equipment. Defendants dispute that Operators regularly worked through lunch, and argue that employees have been told to notify Dispatch on the occasions when an Operator has worked through lunch.

4

Case No. 8:07-CV-995-T-17MAP

A. Discussion

Before the Court involves itself in conditional certification, the Court should determine that there are other parties who want to opt-in, and who are similarly-situated with regard to the job requirements and pay provisions. <u>Dabeoc v. State of Florida Department of Corrections</u>, 942 F.2d 1562, 1567 (11th Cir. 1991).

B. Existence of Employees Who Want to Opt-In

Evidence of other employees who desire to opt-in may be based on affidavits, consents to join, or expert evidence on the existence of similarly situated employees. Plaintiffs have filed Consents to Join of eleven Plaintiffs. Three of the Consents to Join state in detail the policies which are the basis of this lawsuit; the remaining eight indicate that the party voluntarily consents to be a party in this case and to be bound by any settlement or judgment.

The parties have conducted limited discovery. The Court, in ruling on the Motion to Amend, read depositions and other documentary evidence that clearly established how all entities which comprise "Speedy Concrete Cutting, Inc." are organized and operated. The Employee Handbook of Speedy Concrete Cutting, Inc., which is a part of the record in this case, includes policies and procedures which apply to all Operators, with no differentiation as to location. While Defendants have argued that procedures vary according to location, according to the discretion of General Managers, the Court notes that actual control of Operators' conditions of employment was exercised from

5

Case No. 8:07-CV-995-T-17MAP

one location.

Defendants argue that the Consents to Join are unsworn declarations, and Defendants have submitted twenty-five affidavits from employees stating their belief that the company correctly calculated their overtime.

Plaintiffs are required to demonstrate a commonality between the Plaintiffs' claims and those of the proposed class. At the "notice" stage, the standard is lenient. Based on the allegations of the Verified Complaint, which include allegations of company-wide policies, and the Consents to Join, the Court concludes that Plaintiffs have established that other employees want to opt in.

C. Similarly Situated As to Alleged Violation

In considering whether proposed class members are similarly situated, the Court considers: 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; 5) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar.

In this case, all members of the Proposed Class hold the same job title. Speedy Concrete Cutting, Inc. has offices in Fort Lauderdale, Jacksonville, Tampa and Orlando, Florida, and Savannah, Georgia; the Concrete Cutters did not work in the same

6

Case No. 8:07-CV-995-T-17MAP

geographic location. Some "Consent to Join" notices indicate the same time period of 2004 and 2005, one Consent states 1997 through 2007, and other "Consent" notices do not allege a time frame. It is disputed whether all Proposed Class members were subjected to the same policies and practices; however, the evidence supports a finding of uniform company-wide policies formulated and carried out by one ultimate decision-maker through various General Managers. Plaintiffs have alleged four separate FLA. violations, non-payment for required pre-trip inspections; non-payment for required delivery of heavy duty and specialized equipment; non-payment for working through lunch, and non-payment for required delivery of Defendants' equipment to and from Defendants' shop.

Defendants argue that the law does not support Plaintiffs' claims. There is no standard test for determining whether an activity is integral and indispensable to an employee's principal activities; each case must be determined on its own facts. No discovery has been conducted in this case as to the factual basis for Plaintiffs' claims.

After consideration, the Court finds that Plaintiffs have established that the members of the Proposed Class are similarly situated. Accordingly, it is

**ORDERED** that the Motion for Conditional Certification is **granted**. This case is conditionally certified as a collective action pursuant to 29 U.S.C. Sec. 216(b) of the Fair Labor Standards Act of all persons who were employed by Defendants as "Concrete Cutters" or "Operators," or who performed concrete cutting services on Defendants' behalf, at any time since June

Case No. 8:07-CV-995-T-17MAP

11, 2004, and who secured Defendants' trucks and equipment at their homes.

The Court has granted leave to Plaintiffs to file an Amended Complaint naming Speedy Concrete Cutting, Inc. and Jeffrey Winnick as Defendants. Upon the filing of the Amended Complaint, the Court **directs** Defendants to provide the identification of all Proposed Class members' last known home addresses and telephone numbers to Plaintiffs.

The Court further **directs** the Plaintiffs and Defendants to confer as to a "Notice to All Proposed Class Members" concerning their right to opt into this collective action by filing a Consent to Join Lawsuit, and file the proposed Notice for court approval within eleven days. It is further

**ORDERED** that the parties shall confer as to an amended case management order, to be filed within eleven days. It is further

**ORDERED** that the Motion for Lave to File Reply (Dkt. 20) is **denied as moot;** the Motion for Hearing (Dkt. 58) is **denied as moot;** and the Motion to Set Case Management Conference (Dkt. 67) is **denied as moot.**

Case No. 8:07-CV-995-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 29th day of September, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record